IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CURTIS CULVERT SPRIGGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-06-359-T |
| | ) | |
| MIKE ADDISON, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

O R D E R

Petitioner, a state prisoner appearing *pro se*, brought this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Valerie K. Couch for initial proceedings. As required by Rule 4 of the Rules Governing Section 2254 Cases, the Magistrate Judge reviewed the petition upon filing; based on that review, it appeared that the petition was not timely filed. The Magistrate Judge then issued an order to petitioner to show cause why the action should not be dismissed as untimely according to 28 U. S. C. § 2244(d). Petitioner responded to that order.

On May 25, 2006 the Magistrate Judge filed a Report and Recommendation [Doc. No. 7] in which she recommended that the petition be dismissed upon filing because it reflects that it was filed beyond the applicable one-year statute of limitations and there is no basis for tolling that period. She concluded that petitioner had failed to show cause why the action should not be dismissed.

Petitioner has timely objected to the Report and Recommendation. Therefore, the matter is reviewed *de novo*.

The magistrate judge concluded that the petition should be dismissed as untimely because the statute of limitations period prescribed by 28 U.S.C. §2244(d) expired prior to its filing. As

amended by the Antiterrorism and Effective Death Penalty Act of 1996, §2244 provides that a habeas petition seeking relief from a state court judgment must be filed within one year from the date the judgment becomes final.[1]

The Magistrate Judge correctly concluded that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, she was required to review the petition upon filing and to dismiss same if it appears from the face of the petition that the petitioner is not entitled to relief. Furthermore, the expiration of the statute of limitations is properly considered upon such review. *See* Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As discussed at pages 2-3 of the Report and Recommendation, the record reflects that petitioner pled guilty to the challenged charges on July 15, 2003; he did not seek to withdraw that plea within the time period authorized by Oklahoma statute. Therefore, his conviction became final on July 25, 2003, ten days after the pronouncement of his judgment and sentence. Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001). The deadline for seeking habeas relief was July 25, 2004. 28 U. S. C. § 2244(d)(1)(A). Petitioner did not file this action until April 4, 2006, almost two years after the deadline.

The Magistrate Judge considered and rejected petitioner's argument that the one-year limitations period should not have been triggered until later because Oklahoma's time limit for withdrawal of a guilty plea does not allow sufficient time to discover an ineffective assistance of counsel claim. As the Magistrate Judge pointed out, the authorities submitted by petitioner in support of this contention are distinguishable and do not support his argument. Furthermore, as she

---

[1]*The statute provides alternative times for commencement of the limitations period. However, the magistrate judge correctly concluded, and petitioner does not dispute, that the date of final judgment is the only applicable commencement date in this case.*

correctly concluded, petitioner offers no factual argument to support his apparent claim that he could not discover the basis for an ineffective assistance of counsel claim until almost two years after he was sentenced. The court agrees with the Magistrate Judge that petitioner's argument is without merit.

The Magistrate Judge also considered whether statutory or equitable tolling of the limitations period applies to petitioner's claim. As discussed at pages 5-7 of the Report and Recommendation, she concluded that neither statutory or equitable tolling benefits petitioner in this case. Accordingly, she recommended that the petition be dismissed as untimely.

Having carefully considered petitioner's arguments and his objection to the Report and Recommendation, the undersigned concludes that the Magistrate Judge's recommendation should be adopted. Petitioner's arguments do not support the conclusion that his petition is timely.

Accordingly, the Report and Recommendation [Doc. No. 7] is adopted. The petition is dismissed upon filing as untimely.

IT IS SO ORDERED this 28th day of June, 2006.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE